# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTIAGO TURIJAN-CRUZ,<br><br>　　　　Defendant. | Case No. 20CR0416-H<br><br>ORDER DENYING DEFENDANT'S APPEAL AND AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER<br><br>(Doc. No. 14.) |

Pending before the Court is Defendant Santiago Turijan-Cruz's ("Defendant") appeal of the Magistrate Judge's detention order (Doc. No. 14) filed on April 1, 2020. The Government filed a response in opposition on April 2, 2020. (Doc. No. 15.) The Court submitted the matter based on the parties' briefs. (Doc. No. 16.) On April 6, 2020, the Defendant a supplemental brief. (Doc. No. 17.) The Defendant is charged with being a removed alien found in the United States, a felony, in violation of Title 8 U.S.C. § 1326. (Doc. No. 9.) The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's decision to detain the defendant. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district

judge is to make his or her own *de novo* determination of facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act, Title 18 U.S.C. § 3142(g), requires the Court to consider four factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). Although immigration status is not a listed factor to consider in determining bail, "[a]lienage may be taken into account, but it is not dispositive." United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015). However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir.

2019).

The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. Santos-Flores at 1090. A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); see also Diaz-Hernandez at 1199 (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

The Defendant's family ties to the United States including family support weigh in favor of setting bail. However, the Defendant's serious criminal history including a recent possession of a controlled substance conviction resulting in a prison term of 24 months and a recent felony conviction for an immigration offense in this district, weigh against setting bail in this case. Despite being ordered to remain outside United States, the Defendant has three prior deportations, leaving the Court with little confidence that the Defendant will be able to follow the Court's order to appear for further proceedings if released on bail. The Defendant's lack of employment history also weighs against setting bail in this case. Additionally, the Defendant has a prior immigration felony and therefore is subject to a substantial sentencing guideline range, which weighs in favor of detention.

The Defendant argues that the current COVID-19 pandemic warrants setting bail in this case and focuses his argument on the heighten risk of transmitting the virus within the detention facilities. However, "as concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 2020 WL 1274854, at *3 (D. Md. Mar. 17, 2020) (Grimm, J.); See also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C.

Mar. 30, 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]"). The Defendant is 31 years old and there is no evidence in record that the Defendant suffers from any underlying medical condition that would put himself at risk of developing severe symptoms of a COVID-19 infection. See Lee at *4 ("[P]ersonal circumstances are not like those of other defendants for whom COVID-19 has a readily material bearing—e.g., those who have underlying medical conditions[.]"). Additionally, as the Government outlined in its response, the detention facilities are taking active precautions to limit the potential spread of the virus within its facilities.

After *de novo* review of the current record before the Court and upon considering the factors set forth under the Bail Reform Act, the Court finds by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of the Defendant. Accordingly, the Court DENIES the Defendant's request to set bail in this case and AFFIRMS the Magistrate Judge's detention order.

IT IS SO ORDERED.

DATED: April 7, 2020

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE